**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| RAY A. COLE,<br><br>Plaintiff, pro se,<br><br>v.<br><br>TEAMSTERS LOCAL UNION NO. 391 and DONNY BROWN,<br><br>Defendants. | ) | **MEMORANDUM OPINION AND RECOMMENDATION**<br><br>1:08CV499 |

This matter is before the court on a motion to dismiss by Defendants Teamsters Local Union No. 391 ("Local 391") and Donny Brown (docket no. 6). Pro se Plaintiff Ray A. Cole has responded in opposition to the motion and the issues have been fully briefed. In this posture, the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; therefore the motion must be dealt with by way of recommendation. For the following reasons, it will be recommended that Defendants' motion be granted.

**BACKGROUND**

For purposes of this motion, the allegations of Plaintiff's complaint are taken as true. On March 9, 2006, Plaintiff was terminated by United Parcel Services ("UPS") for allegedly violating company policy. The next day Plaintiff filed a complaint through Local 391. After three hearings were rescheduled, a hearing was

finally held on July 19, 2006, before the Atlantic Area Parcel Grievance Committee. Plaintiff did not attend the hearing, but he was represented by Defendants.

On or about August 14, 2006, Defendants notified Plaintiff that his termination was being upheld. Plaintiff alleges that Defendants represented Plaintiff negligently at the July 2006 hearing and that his termination was upheld erroneously because of this negligent representation. On or about February 22, 2007, Plaintiff filed a grievance with the National Labor Relations Board ("NLRB") alleging that Local 391 did not properly represent Plaintiff at the hearing held on July 19, 2006. On or about March 23, 2007, the NLRB notified Plaintiff that it was dismissing Plaintiff's charges against Local 391.[1]

On June 30, 2008, Plaintiff filed a Complaint against Defendants in state court, alleging negligence and breach of contract based on Defendants' representation of Plaintiff at the July 2006 hearing. On July 23, 2008, Defendants timely removed the action to federal court based on federal question jurisdiction, 28 U.S.C. § 1331.

**STANDARD OF REVIEW**

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C.

[1] This letter also provided Plaintiff with information regarding his right to appeal, directions for appealing, and deadlines to appeal. The possibility that Plaintiff did not exhaust his administrative remedies was not considered for purposes of this decision.

1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

Generally, the court looks only to the complaint itself to ascertain the propriety of a motion to dismiss. *See George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980). A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir. 1978). This duty of fair notice under Rule 8(a) requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). As the Supreme Court has recently instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (internal quotation marks omitted). Finally, although a court usually considers only the complaint on a motion to dismiss, in addressing a motion to dismiss based on a statute of limitations defense, it is appropriate for the court to consider any documents referenced by the parties and relied upon by the plaintiff without converting the motion to dismiss into a motion for summary judgment. *See Maryland Minority Contractor's Ass'n, Inc. v. Md. Stadium Auth*., 70 F. Supp. 2d 580, 592 n.5

(D. Md. 1998). With these principles in mind, the court now turns to the motion to dismiss.

**DISCUSSION**

Although Plaintiff has brought a claim based on state law theories of negligence and breach of contract, it is clear that federal law preempts state law with regard to a union's duty of fair representation of its members. The duty of fair representation arises from a union's status as the bargaining agent for employees covered by a collective bargaining agreement. *See Smith v. Local 7898, United Steelworkers of Am.*, 834 F.2d 93, 96 (4th Cir. 1987). This duty is a federal obligation fashioned from federal labor statutes, based on federal labor policy, and applicable federal law necessarily preempts state law claims. *See Nellis v. Air Line Pilots Ass'n*, 15 F.3d 50, 51 (4th Cir. 1994); *Peterson v. Air Line Pilots Ass'n, Int'l*, 759 F.2d 1161, 1169–70 (4th Cir. 1985).

It is equally as clear that the applicable statute of limitations is six months as established by the National Labor Relations Act, 29 U.S.C. § 160(b). *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169–71 (1983) (holding that in an action by an employee against an employer for breach of a collective bargaining agreement and against a union for breach of duty of fair representation, the National Labor Relations Act's six-month period for filing unfair labor practice charges was applicable); *Nellis v. Air Line Pilots Ass'n*, 815 F. Supp. 1522, 1534–35 (E.D. Va. 1993); *Hogan v. Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers, Express &*

*Station Employees*, 629 F. Supp. 1166, 1170–71 (W.D. Va. 1986). A cause of action for breach of a duty of fair representation arises when a plaintiff knew or should have known that the grievance procedure has been exhausted or otherwise broken down. *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991).

Plaintiff filed this action on June 30, 2008. Therefore, if his action arose anytime before December 31, 2007, this action is clearly barred by the applicable six-month statute of limitations. Here, at the very latest, Plaintiff was aware of Defendants' alleged breach of a duty of fair representation in February 2007 when Plaintiff filed the charge with the NLRB claiming that Defendants failed to represent him or process his termination grievance.[2] Because Plaintiff filed this action more than six months later, he is barred by the six-month statute of limitations.

Finally, regardless of the statute of limitations, as a business agent for Local 391, Defendant Brown is not subject to liability and is not a proper party to this action. *See* 29 U.S.C. § 185(b) (stating that individual union agents and members are exempt from personal liability for judgments against a union); *Atkinson v. Sinclair Ref. Co.*, 370 U.S. 238, 247–49 (1962).

[2] At the earliest, Plaintiff knew or should have known of the alleged breach of duty of fair representation in July 2006 when the grievance hearing took place, or when Plaintiff received notice of the outcome of the hearing in August 2006.

**CONCLUSION**

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants' motion to dismiss (docket no. 6) be **GRANTED** and that this action be **DISMISSED** with prejudice.

Wallace W. Dixon
United States Magistrate Judge

October 30, 2008